**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phuong Dien Dang Tran,<br><br>    Petitioner,<br><br>vs.<br><br>Eric H. Holder, Jr., et al,<br><br>    Respondents. | No. CV-10-1906-PHX-FJM<br><br>**ORDER** |

The court now has before it respondents' motion to dismiss (doc. 33), petitioner's response (doc. 35), and respondents' reply (doc. 48).

Petitioner entered the United States on November 16, 1992 as a refugee from Vietnam. On November 18, 1992, he adjusted his status to lawful permanent resident. On September 20, 2000, he pled guilty to aggravated assault, a class 3 felony. Although the crime carried a presumptive sentence of 3.5 years, and a minimum sentence of 2.5 years, petitioner was sentenced to probation for three years, with the condition that he be incarcerated in the county jail for one month.

On March 9, 2009, petitioner filed an N-400 naturalization application. On August 8, 2009, the Citizenship and Immigration Services ("CIS") denied the petition because petitioner failed to establish good moral character. On May 7, 2010, CIS denied petitioner's appeal, concluding that his conviction for an aggravated felony made him ineligible to

naturalize. On September 7, 2010, petitioner petitioned this court for *de novo* review of CIS's decision denying his naturalization application, arguing that because he was not sentenced to one year or more in prison, his aggravated assault conviction did not render him ineligible for naturalization.

On April 25, 2011, we granted respondents' motion to remand this case to CIS for further review of petitioner's naturalization application.

On May 17, 2011, Customs and Border Patrol ("CBP") issued a Notice to Appear ("NTA") and charged petitioner as removable under the Immigration and Naturalization Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude. Removal proceedings commence with the filing of the NTA under 8 C.F.R. § 1239.1(a). On May 31, 2011, CIS again denied petitioner's naturalization application, this time pursuant to 8 U.S.C. § 1429, because removal proceedings were pending against petitioner.

Under 8 U.S.C. § 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." Similarly, when the administrative denial of an application for naturalization is based on § 1429, judicial review is limited to that determination. Bellajaro v. Schiltgen, 378 F.3d 1042, 1043, 1047 (9th Cir. 2004). This is the basis of respondent's motion to dismiss. Petitioner argues that he does not seek review of the denial of his naturalization application based on § 1429. Rather, he seeks review of the May 7, 2010 decision denying his application because he was convicted of an aggravated felony, making him statutorily ineligible for naturalization. Motion to Dismiss, ex. 5.

At our Rule 16 scheduling conference, we entered an order pursuant to the All Writs Act, 28 U.S.C. § 1651, enjoining the government from prosecuting the removal proceeding while the case before us was pending (doc. 41). We were concerned that the government behaved badly when it simultaneously asked us to remand for reconsideration and then initiated removal proceedings instead. This was a stay, not an order to dismiss. Nevertheless, on motion of the government, the Immigration Judge entered an order

- 2 -

administratively closing the removal proceeding (doc. 53). The government filed an *ex parte* memorandum under seal (doc. 47) attempting to explain what otherwise appeared to be bad faith on the part of the government. While the *ex parte* memorandum may adequately address the concerns of bad faith, it does little to explain how the CIS, the CBP, and the Department of Justice could be operating at cross purposes, or why the DOJ assumes it is subject to the direction of its client, notwithstanding its representations to this court.

In the motion to dismiss now before us (doc. 33), the government argues that this case must be dismissed because of the pending removal proceeding. However, because the removal proceeding is no longer pending, the government's motion to dismiss on that basis is moot.

**IT IS ORDERED DENYING** respondents' motion to dismiss as moot (doc. 33).

DATED this 9th day of November, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge