**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Phuong Dien Dang Tran, | ) | No. CV-10-1906-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Eric H. Holder, Jr., et al, | ) | |
| Respondents. | ) | |

We now have before us petitioner's motion for summary judgment (doc. 56), the government's response and cross motion for summary judgment (doc. 59), petitioner's reply (doc. 61), and the government's reply (doc. 64). We also have before us the government's motion to accept late filing of its response and statement of facts (doc. 62), which were filed one day late. Because the government has demonstrated good cause, we grant the motion to accept the late filing (doc. 62).

Petitioner was born on June 12, 1981 in Saigon, Vietnam. He was admitted to the United States as a refugee on November 16, 1992, and became a lawful permanent resident on January 31, 1995. He filed a Form N-400 application for naturalization on March 9, 2009. The application stated that on October 23, 2000, petitioner was convicted of aggravated assault in violation of A.R.S. §§ 13-1204(A)(2), (B). Although the crime carried a presumptive sentence of 3.5 years, and a minimum sentence of 2.5 years, petitioner was

1 sentenced to probation for three years, with the condition that he serve one month in the
2 county jail.

3       On May 7, 2010, the United States Citizenship and Immigration Services (CIS) denied
4 the application for naturalization, concluding that petitioner's October 2000 conviction
5 constituted an aggravated felony making him ineligible to naturalize. On September 7, 2010,
6 petitioner petitioned this court for *de novo* review of CIS's denial of his naturalization
7 application pursuant to 8 U.S.C. § 1421(c).

8       On April 1, 2011, the government proposed to "reopen and reconsider Petitioner's
9 naturalization application, in good faith" (doc. 24 at 2). We granted the motion and
10 remanded the matter to CIS. Six weeks later, on May 17, 2011, Customs and Border Patrol
11 issued a Notice to Appear, charging petitioner as removable under 8 U.S.C. §
12 1182(a)(2)(A)(i)(I), as an alien who had been convicted of a crime involving moral turpitude,
13 because of his October 2000 conviction. On May 31, 2011, CIS again denied petitioner's
14 naturalization application, this time pursuant to 8 U.S.C. § 1429, because removal
15 proceedings were pending. The government then moved to dismiss this case, arguing that
16 the pending removal proceedings divested this court of authority to conduct a *de novo* review
17 of the denial of petitioner's naturalization application (doc. 33).

18       At our Rule 16 scheduling conference, we entered an order pursuant to the All Writs
19 Act, 28 U.S.C. § 1651, enjoining the government from prosecuting the removal proceedings
20 while proceedings here were pending (doc. 41). We were concerned that the government
21 acted in bad faith when it asked us to remand for reconsideration and instead initiated
22 removal proceedings. Pursuant to our order, and on motion by the government, the
23 immigration judge entered an order administratively closing the removal proceedings (doc.
24 53). We then denied the government's motion to dismiss as moot (doc. 55).

25       We now have before us summary judgment motions by both parties. Petitioner asks
26 us to review the denial of his naturalization application, and the government again argues that
27 we are without authority to grant effective relief.

28       The government first asks us to reconsider our order denying as moot its motion to

- 2 -

1  dismiss (doc. 55). It argues that it did not dismiss or terminate the removal proceedings
2  against petitioner, but rather "the removal proceedings are still pending," (doc. 59 at 4), and
3  therefore its motion to dismiss is not moot.

4        We deny the government's motion to reconsider for its failure to comply with LRCiv
5  7.2(g)(2), which requires any motion for reconsideration to be filed "no later than fourteen
6  (14) days after the date of the filing of the Order that is the subject of the motion." This
7  motion for reconsideration was filed 5 months after our order denying the motion to dismiss.
8  The government offers no explanation for its untimely request. At all events, we are not
9  persuaded that a removal proceeding that is "administratively closed" remains "pending" for
10 purposes of 8 U.S.C. § 1429, particularly when the immigration judge described the removal
11 proceeding as "no longer pending" (doc. 53-1 at 2).

12       Moreover, even if the removal proceeding remains pending for purposes of 8 U.S.C.
13 § 1429, we continue to retain authority to consider the appeal that was presented to
14 us—namely, whether CIS erred in denying petitioner's application for naturalization on the
15 basis that he had been convicted of an aggravated felony. See Bellajaro v. Schiltgen, 378
16 F.3d 1042, 1043-44 (9th Cir. 2004) (holding that, notwithstanding the pendency of removal
17 proceedings, a district court retains jurisdiction to conduct a *de novo* review of "the
18 determination that was actually made by the agency"). Section 1429 provides that "no
19 application for naturalization shall be considered by the Attorney General if there is pending
20 against the applicant a removal proceeding pursuant to a warrant of arrest." The plain
21 language in § 1429 limits only the Attorney General's authority to review a naturalization
22 application. "There is no hint . . . that it also applies to the courts." Id. at 1046.

23       To be eligible for naturalization, an alien must demonstrate that, (1) after being
24 lawfully admitted for permanent residence, he resided in the United States for five years
25 immediately preceding his application for naturalization, (2) "resided continuously within
26 the United States from the date of the application up to the time of admission to citizenship,"
27 and (3) during all of these periods he "has been and still is a person of good moral character."
28 8 U.S.C. § 1427(a).

1    Here, CIS denied petitioner's application for naturalization for lack of good moral
2 character required under 8 C.F.R. § 316.10(b)(1)(ii) because it concluded that he was
3 convicted of an aggravated felony in October, 2000. Good moral character is assessed on
4 a case-by-case basis. 8 C.F.R. § 316.10(a)(2). However, an applicant is precluded from
5 demonstrating good moral character if he has been "convicted of an aggravated felony as
6 defined in [8 U.S.C. § 1101(a)(43)]." 8 C.F.R. § 316.10(b)(1)(ii). Under § 1101(a)(43)(F),
7 an "aggravated felony" includes a "crime of violence" "for which the term of imprisonment
8 is at least one year." The "term of imprisonment" as used in § 1101(a)(43)(F) means the
9 sentence actually imposed. Alberto-Gonzalez v. INS, 215 F.3d 906, 910 (9th Cir. 2000).

10   On appeal, petitioner argues that his October 2000 conviction does not qualify as an
11 aggravated felony as defined by § 1101(a)(43) because he was not sentenced to at least one
12 year in prison. Instead, he spent only one month in jail as a condition of his probation. We
13 agree that under the clear interpretation of the statute and its regulations, CIS erred in
14 concluding that petitioner failed to demonstrate good moral character on the basis that his
15 October 2000 conviction qualifies as an aggravated felony.

16   The government concedes that CIS's May 7, 2010 denial of the naturalization
17 application was in error. It has abandoned its argument that petitioner's October 2000
18 conviction constitutes an aggravated felony and instead recharacterizes that same conviction
19 as a crime involving moral turpitude that, while not rendering him ineligible for
20 naturalization, makes him removable. But whether the crime is one of moral turpitude such
21 that petitioner is removable is not within the scope of our review, which is limited to the
22 "ground for the denial" of the naturalization application. Bellajaro, 378 F.3d at 1044. We
23 conclude that the May 7, 2010 denial was in error and accordingly remand this action for
24 further proceedings.

25   **IT IS ORDERED GRANTING** the government's motion to accept late filing (doc.
26 62).

27   **IT IS ORDERED GRANTING** petitioner's motion for summary judgment (doc. 56).
28   **IT IS ORDERED DENYING** the government's motion for reconsideration and for

- 4 -

1 summary judgment (doc. 59)

2     Our order staying removal proceedings is now vacated.  This matter is remanded to
3 CIS for further consideration of petitioner's naturalization application. We acknowledge that
4 CIS is likely to now deny the application under § 1429 and that whether the crime is one of
5 moral turpitude will have to be litigated in the removal proceeding with further judicial
6 review in the court of appeals.

7     The clerk shall enter final judgment.

8     DATED this 6th day of July, 2012.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge