**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Phuong Dien Dang Tran, | ) | No. CV 10-01906-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Eric H. Holder, Jr., et al, | ) | |
| Respondents. | ) | |

The court has before it petitioner's motion for an award of attorney's fees (doc. 68), respondents' response (doc. 73), and petitioner's reply (doc. 76).

Petitioner was born in Saigon, Vietnam. He was admitted to the United States as a refugee and eventually became a lawful permanent resident. On March 9, 2009, he filed a Form N-400 Application for Naturalization. The application stated that on October 23, 2000, petitioner was convicted of aggravated assault. Although the crime carried a presumptive 3.5 year sentence, petitioner was sentenced to three years probation and one month in the county jail.

The United States Citizenship and Immigration Services ("CIS") denied the naturalization application based on its conclusion that petitioner's October 2000 conviction constituted an aggravated felony making him ineligible to naturalize. Petitioner filed this action seeking review of that decision.

Notwithstanding respondents' efforts to reopen, reconsider, and then recharacterize the basis for the denial of the naturalization application, the nature of the appeal presented to us remained unchanged—did CIS err when it denied petitioner's application based on the finding that his October 2000 conviction constituted an aggravated felony making him ineligible to naturalize?

On July 6, 2012, we granted summary judgment in favor of petitioner, holding that CIS incorrectly concluded that petitioner lacked good moral character required under 8 C.F.R. § 316.10(b)(1)(ii) because he was convicted of an aggravated felony. (doc. 65). We held that because petitioner was not sentenced to at least one year in prison, his conviction did not qualify as an aggravated felony as defined by 8 U.S.C. § 1101(a)(43). The government conceded this point. We concluded that CIS erred in denying petitioner's naturalization application on this basis. Therefore, petitioner was unquestionably the prevailing party in this appeal.

Under the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to reimbursement of attorney's fees incurred in any civil litigation brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The government objects to the motion for attorney's fees arguing that petitioner is not a prevailing party "because his success on the sole issue of whether his conviction constitutes an aggravated felony, did not result in any enforceable relief." Response at 2. Because the government acknowledges that CIS's denial of petitioner's naturalization application on this basis was erroneous, it concedes that its position was not substantially justified. Id. Nevertheless the government contends that to be a prevailing party, petitioner "must achieve a 'material alteration of the legal relationship between' the parties," and the alteration must be "judicially sanctioned." Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005).

Here, petitioner received the relief he requested–an order declaring that the denial of his application for naturalization on the basis of an aggravated felony was contrary to law. This order materially altered the relationship of the parties in that the government is now

prohibited from denying petitioner's naturalization application on this basis. It is not necessary that petitioner obtain the ultimate relief sought–that of administering the oath of citizenship. Petitioner achieved everything he could have achieved within the scope of this action. A plaintiff prevails if he "has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S. Ct. 1486, 1493 (1989). Here petitioner succeeded on the only issue presented in this action. He is thus the prevailing party and is entitled to attorney's fees.

Petitioner seeks reimbursement for 82.3 hours at a rate of $250 an hour, for a total fee award of $20,575. Under the EAJA, attorney's fees are capped at $125 an hour, plus adjustments for cost of living and special factors, including "the limited availability of qualified attorneys for the proceedings involved." Pierce v. Underwood, 487 U.S. 552, 571, 108 S. Ct. 2541, 2553 (1988). The government has calculated that an annual cost of living adjustment results in an average adjusted hourly rate of $179. We agree with the government that this case was not complex and thus decline to apply the enhanced hourly rate requested by petitioner. Instead, we apply the statutory rate adjusted for cost of living for an hourly rate of $179. We approve of the 82.3 hours requested by petitioner and reject the government's argument that the hours should be reduced because of excessive or unsupported billing. This case was protracted solely because of the conduct of the government.

**IT IS ORDERED GRANTING** petitioner's motion for an award of attorney's fees in the amount of $14,731.17 (doc. 68).

DATED this 29th day of November, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge